**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

RAE-LEE M. LUNA,
Plaintiff-Appellant,

v.

LORAL CORPORATION,
Defendant-Appellee,

and

INTERNATIONAL BUSINESS MACHINES,
INCORPORATED (IBM),
Defendant.

No. 95-3205

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, District Judge.
(CA-95-478-A)

Submitted: May 14, 1996

Decided: May 31, 1996

Before NIEMEYER, HAMILTON, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John M. DiJoseph, SATTLER & DIJOSEPH, Arlington, Virginia, for
Appellant. R. Mark Dare, George E. Kostel, HAZEL & THOMAS,
P.C., Falls Church, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Rae-Lee Luna appeals the district court's order granting summary judgment to the Defendant, Loral Corporation, and dismissing her employment retaliation action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. § 2000e-2 (West 1994). Luna alleged that Loral included her in a 1994 reduction in force in response to a complaint she filed with the Equal Employment Opportunity Commission (EEOC) in 1991.

Our review of the parties' briefs discloses this appeal is without merit. Luna failed to establish a prima facie case of retaliatory discharge.[1] Luna's retaliation claim fails because she does not show a causal connection between her filing a complaint with the EEOC and her discharge. Not only are the events separated by over three years, but Luna failed to present evidence specifically linking the events.[2]

Moreover, even if Luna proved a prima facie case, her claim failed because she did not show pretext. Loral contended that Luna was discharged because of a general reduction in force necessitated by Loral's reduced business contracts and that Luna was the bottom rated employee in her work group. Luna did not dispute the truth of these non-discriminatory reasons, but claimed that her low ranking was evidence of Loral's retaliation against her. Such a response is insufficient to establish pretext, as it does not show that Loral's proffered reasons were false or that Loral intentionally discriminated against her. Con-

_____

[1] **Carter v. Ball**, 33 F.3d 450, 460 (4th Cir. 1994); Williams v. Cerberonics, Inc., 871 F.2d 452, 457 (4th Cir. 1989); Ross v. Communication Satellite Corp., 759 F.2d 355, 365 (4th Cir. 1985).
[2] **See Carter**, 33 F.3d at 460 (temporal proximity between the protected activity and the adverse employment decision is element of causality).

2

sequently, we cannot say that the district court's finding of non-discrimination was erroneous.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3